UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

RALPH CARROLL,

Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA,

Defendant.
______________________________________)

**COMPLAINT**

The Plaintiff, RALPH CARROLL ("CARROLL"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq. CARROLL brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of plan.

2. CARROLL was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania,

authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to CARROLL by LINA.

6. CARROLL was at all times material an employee of Friendly's Ice Cream, LLC. ("Friendly").

7. CARROLL was at all times material a plan participant under the Friendly Policy No.: LK-963265 (the "LTD Plan") which is established by Friendly, and pursuant to which CARROLL is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

10. As the decision maker and payor of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. LINA is the fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on CARROLL's claim.

12. Pursuant to the terms and conditions of the LTD Plan, CARROLL is entitled to LTD

benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan,

The test of "Disability" is as follows:

**Definition of Disability/Disabled**
The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
1. unable to perform the material duties of his or her Regular Occupation; and
2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
2. unable to earn 60% or more of his or her Indexed Earnings.

The Insurance Company will require proof of earnings and continued Disability.

14. At all relevant times, CARROLL has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since on or about April 14, 2014, due to sicknesses, CARROLL has been unable to perform the material duties of his Regular Occupation as a Friendly's General Manager, and unable to earn 80% or more of his Indexed Earning from working in his Regular Occupation.

16. At all relevant times, CARROLL has been under the regular care of a physician.

17. At all relevant times, CARROLL was a Covered Person under the LTD Plan.

18. Shortly after becoming disabled under the terms of the plan, CARROLL made a claim to LINA for disability benefits which LINA initially approved and paid through January 12, 2015.

19. While on claim for LTD benefits, LINA, in a letter dated January 13, 2015, terminated

CARROLL's claim contending that benefits were no longer payable.

20. CARROLL timely appealed LINA's January 13, 2015 adverse benefit determination.

21. By letter dated August 14, 2015, LINA affirmed its adverse determination and advised CARROLL that he could pursue a legal action for benefits under the Employee Retirement Income Security Act of 1974 (ERISA).

22. From January 12, 2015 to the present date, CARROLL has not received benefits owed to him under the LTD Plan, despite CARROLL's right to these benefits.

23. LINA has wrongfully and unreasonably refused to pay CARROLL's LTD benefits since January 12, 2015.

24. At all relevant times, LINA was the payor of benefits.

25. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, LINA was the Plan Administrator.

27. At all relevant times, CARROLL has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

28. CARROLL has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

29. CARROLL incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), CARROLL, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. CARROLL has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA'S failure to pay his disability benefits.

33. CARROLL has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to CARROLL at a time when LINA knew, or should have known, that CARROLL was entitled to those benefits under the terms of the LTD Plan, as CARROLL was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of CARROLL's claim for LTD benefits;

(c) After CARROLL's claim was terminated in whole or in part, LINA failed to adequately describe to CARROLL any additional material or information necessary for CARROLL to perfect his claim along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of CARROLL's disability claim and failed to provide a full and fair review of CARROLL's appeal.

35. CARROLL believes and thereon alleges that LINA wrongfully and unreasonably terminated his claim for disability benefits under the LTD Plan by other acts or omissions

of which CARROLL is presently unaware, but which may be discovered in this future litigation and which CARROLL will immediately make LINA aware of said acts or omissions once they are discovered.

36. Following the termination of benefits under the LTD Plan, CARROLL exhausted all administrative remedies required under ERISA, and CARROLL has performed all duties and obligations on his part to be performed under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of LINA, CARROLL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding CARROLL's claim for benefits, CARROLL, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), CARROLL is entitled to have such fees and costs paid by LINA.

39. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, CARROLL is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, RALPH CARROLL prays for relief against LIFE INSURANCE COMPANY OF AMERICA as follows:

1. Payment of disability benefits due to RALPH CARROLL from January 12, 2015 through the date a judgment is entered in the action;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his

disability, and that benefits are to continue to be paid under the LTD Plan for so long as CARROLL remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 10, 2016

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

_*s/ Cesar Gavidia*_________________
CESAR GAVIDIA, ESQ.
Florida Bar No.: 015263
Email: cesar@diattorney.com
GREGORY M. DELL, ESQ.
Florida Bar No.: 299560
Email: gdell@diattorney.com